# <u>Exhibit A</u>

 CT Corporation

**Service of Process Transmittal**
11/05/2021
CT Log Number 540541187

TO:   Susan Pecoraro
      Electric Boat Corporation
      75 Eastern Point Rd
      Groton, CT 06340-4989

RE:   **Process Served in Connecticut**

FOR:  Electric Boat Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Thomas Daigle // To: Electric Boat Corporation |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand For Relief, Statement, Attachment |
| **COURT/AGENCY:** | New London - Superior Court - Judicial District, CT<br>Case # None Specified |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 07/05/2020 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, East Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/05/2021 at 11:06 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 12/07/2021 |
| **ATTORNEY(S) / SENDER(S):** | Sabatini and Associates, LLC<br>One Market Square<br>Newington, CT 06111<br>860-667-0839 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/05/2021, Expected Purge Date: 11/10/2021<br><br>Image SOP<br><br>Email Notification,  Susan Pecoraro  specorar@gdeb.com<br><br>Email Notification,  Kelly Lewis  klewis2@gdeb.com<br><br>Email Notification,  Dixie Baalman  dbaalman@gdeb.com<br><br>Email Notification,  MATTHEW S. LUXTON  mluxton@gdeb.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>67 Burnside Ave<br>East Hartford, CT 06108<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

 CT Corporation

**Service of Process Transmittal**
11/05/2021
CT Log Number 540541187

**TO:** Susan Pecoraro
Electric Boat Corporation
75 Eastern Point Rd
Groton, CT 06340-4989

**RE:** **Process Served in Connecticut**

**FOR:** Electric Boat Corporation  (Domestic State: DE)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

---

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 70 Huntington Street; New London, CT  06320 | ( 860 ) 443 – 5363 | 12/07/2021 |

| ☒ Judicial District    G.A. | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|
| ☐ Housing Session  ☐ Number: | New London | Major: **M**    Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Sabatini and Associates, LLC; One Market Square; Newington, CT  06111 | 052654 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 860 ) 667 – 0839 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes  ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | **Name:** DAIGLE, Thomas<br>**Address:** 36 Old Route 87; Franklin, CT  06254 | P-01 |
| **Additional plaintiff** | **Name:**<br>**Address:** | P-02 |
| **First defendant** | **Name:** ELECTRIC BOAT CORPORATION; 75 Eastern Point Road; Groton, CT  06340<br>**Address:** Agent:  CT Corporation System; 67 Burnside Avenue; East Hartford, CT  06108-3408 | D-01 |
| **Additional defendant** | **Name:**<br>**Address:** | D-02 |
| **Additional defendant** | **Name:**<br>**Address:** | D-03 |
| **Additional defendant** | **Name:**<br>**Address:** | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>11- -2021 | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>James V. Sabatini, Esquire |
|---|---|---|---|

If this summons is signed by a Clerk:

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| For Court Use Only |
|---|
| File | TRUE COPY ATTEST |
| Alan F. Zaniewski State Marshal Hartford, County |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

RETURN DATE:   December 7, 2021

| | | |
|---|---|---|
| THOMAS DAIGLE | : | SUPERIOR COURT |
| VS. | : | NEW LONDON JUDICIAL DISTRICT |
| ELECTRIC BOAT CORPORATION | : | NOVEMBER 4, 2021 |

## COMPLAINT

1.       Plaintiff Thomas Daigle was and is a Connecticut citizen residing in the Town of Franklin.

2.       Defendant Electric Boat Corporation was and is a Delaware corporation with a principal place of business located at 75 Eastern Point Road Groton, Connecticut 06340.

3.       Defendant employs three (3) or more employees.

4.       Defendant employed plaintiff.

5.       Defendant hired plaintiff on or about March 2, 2009.

6.       Plaintiff's job title at the time of hire was Outside Machinist.

7.       Plaintiff was qualified for the job.

8.       On or about July 5, 2020, plaintiff took a family leave of absence to care for his mother.

9.       The family leave of absence was protected under the FMLA.

10.       Defendant approved plaintiff's request for family leave under the FMLA.

11.       Plaintiff's job position prior to taking the family leave was Instructor on the second shift.

12.       When plaintiff returned from family leave, he was not restored to his Instructor position.

1

13.     Instead, defendant assigned plaintiff a different job that had physical requirements that   could not perform due to an existing back injury.

14.     Plaintiff has a physical disability.

15.     Specifically, plaintiff suffers from herniated discs in his lumbar spine.

16.     The back injury is a chronic condition.

17.     Plaintiff injured his back on the job.

18.     Rather than restore plaintiff to his previous job position or re-assign him to work that he could physically do, the defendant sent plaintiff out on a thirty (30) day leave of absence.

19.     While out on this 30 day of leave of absence, the defendant terminated plaintiff's employment.

20.     Defendant sent a letter to plaintiff in October 2020 stating that he was terminated on September 7, 2020 because his leave of absence expired.

21.     Plaintiff can perform the essential functions of the job.

22.     As a result of the termination, plaintiff sustained harms and losses including the loss of health insurance coverage and loss wages.

23.     Defendant subsequently rehired plaintiff.

24.     Since the rehire, defendant has denied employment opportunities to the plaintiff.

25.     Plaintiff needs to periodically take time off from work to care from his mother.

26.     Defendant is presently telling plaintiff that he is not FMLA eligible because he is a newly hired employee.

27.     Plaintiff can perform the essential functions of the job.

28.     Should defendant offer an excuse for the termination other than the disability-related leave of absence, then such an excuse would be a pretext to mask unlawful discrimination and/or retaliation.

29.     Plaintiff filed charges against the defendant with the Connecticut Commission of Human Rights and Opportunities (CHRO) on or about April 20, 2021.

30.     Plaintiff received a Release of Jurisdiction from the CHRO on or about August 12, 2021. (Ex.1)

## FIRST COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(b)(1))

1.     Plaintiff repeats the allegations in paragraphs 1 through 30 above as if fully incorporated herein.

31.     Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq*. in one or more of the following ways.

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of his disability;

(b)     In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c)     In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)     In that defendant terminated plaintiff's employment on account of his disability;

(e)     In that defendant intentionally discriminated against the plaintiff.

32.     As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

33.     As a direct and proximate result of defendant's discrimination of the plaintiff,

3

plaintiff has been deprived of income, wages, and benefits.

34.     As a further result of defendant's discrimination and termination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

35.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SECOND COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(b)(1))

1.     Plaintiff repeats the allegations in paragraphs 1 through 35 above as if fully incorporated herein.

36.     Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a)     In that defendant failed to accommodate plaintiff's disability;

(b)     In that defendant failed to engage in good faith with the reasonable accommodation interactive process.

37.     As a result of defendant's failure to accommodate, plaintiff has been deprived of income, wages, and benefits.

38.     As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

4

39.    Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## THIRD COUNT
### (Interference with the Exercise of Rights under the FMLA)

1.    Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

40.    At all times material, plaintiff was an eligible employee as that term is defined by the FMLA.

41.    At all times material, defendant employed fifty or more employees at plaintiff's former worksite for twenty or more weeks in 2019 and 2020 in an industry affecting interstate commerce. Accordingly, defendant is an employer covered by the FMLA.

42.    Plaintiff invoked his right to FMLA-qualifying leave.

43.    Defendant, by and through its agents and/or employees, interfered with and violated plaintiff's rights under the FMLA in one or more of the following ways:

(a)    by terminating the plaintiff's employment;

(b)    by denying plaintiff's FMLA rights;

(c)    by failing to restore plaintiff to his job or a substantial equivalent job.

44.    As a direct and proximate result of defendant's wrongful acts and/or omissions, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee and/or retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

45.    Some or all of defendant's actions have been willful.

## **FOURTH COUNT**
### **(FMLA Retaliation)**

1.      Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

46.      Defendant retaliated against plaintiff for exercising his rights under the FMLA.

47.      Defendant's retaliatory conduct caused plaintiff to sustain harms and losses.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; loss pension/retirement benefits; attorneys' fees; costs; damages for medical bills; liquidated damages under the FMLA; interest; consequential damages; statutory punitive damages pursuant to the CFEPA; prejudgment interest; job reinstatement; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 4th day of November, 2021.

James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

James V. Sabatini

TRUE COPY
ATTEST

Alan F. Zaniewski
State Marshal
Hartford, County

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Thomas Daigle
**COMPLAINANT**                                          CHRO No. 2140308

vs.                                                      EEOC No. 16A-2021-00797

Electric Boat Corp.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

_Tanya A Hughes_

**DATE:** August 12, 2021                          Tanya A. Hughes, Executive Director

Service:
Complainant's counsel: jsabatini@sabatinilaw.com
Respondent's counsel: jterrano@gdeb.com

TRUE COPY
ATTEST

Alan F. Zaniewski
State Marshal
Hartford, County

STATE OF CONNECTICUT )
                            ) ss. East Hartford              November 5, 2021
COUNTY OF HARTFORD   )           ,

        Then and there by virtue hereof, on November 5, 2021, in the town of East

Hartford, County of Hartford, I left with and in the hands of Gary Scapinni,

Manager, CT Corporation System, agent for service for Electric Boat

Corporation, the within named defendant, 67 Burnside Avenue, East Hartford,

CT, a true and attested verified copy of the original Writ, Summons, Complaint,

Demand for Relief, Statement of Amount in Demand and Exhibit 1 with my

endorsement thereon.

        The within and foregoing is the original Writ, Summons, Complaint,

Demand for Relief, Statement of Amount in Demand and Exhibit 1 with my

doings hereon endorsed.


                                ATTEST

                                Alan F. Zaniewski
                                State Marshal
                                Hartford County


Fees:

| | | |
|---|---|---|
| Pages | $ | 11.00 |
| Ends. | | 2.00 |
| Service | | 40.00 |
| Travel | | 22.00 |
| | | |
| Total | $ | 75.00 |